UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

\* \* \* \* \*

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST, by and through its Board of Trustees,<br><br>Plaintiff,<br><br>vs.<br><br>FLAVIO DIAZ, JR., an individual; FLAVIO DIAZ DUENAS, both individually and as former guardian of Flavio Diaz, Jr.; DIEGO GAVILANES, an individual; LAW OFFICES OF DIEGO GAVILANES, P.S., a Washington Professional Services Corporation; DOES & ROES I-X,<br><br>Defendants. | CASE NO.: 2:19-cv-00010-RSM<br><br>**FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF TO ENFORCE THE TERMS OF AN ERISA BENEFIT PLAN, FOR BREACH OF CONTRACT, FOR CONVERSION, FOR INJUNCTIVE RELIEF, AND FOR DECLARATORY RELIEF** |

Plaintiff, the Board of Trustees of the Employee Painters' Trust, acting by and through counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff's primary cause of action arises under section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA") [29 U.S.C. § 1132(a)(3)], under which Plaintiff seeks equitable relief to enforce the terms of and to remedy violations of the Employee Painters' Trust ("EPT") Welfare Plan.

COMPLAINT
Case No.

Page 1

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

1    2.   This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the
2  Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §
3  1132(e)(1), which grants the United States District Courts exclusive subject matter jurisdiction
4  over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, and 29 U.S.C.
5  § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan
6  governed by ERISA.

7    3.   Jurisdiction exists in this Court without respect to the amount in controversy or
8  the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

9    4.   Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C.
10 § 1132(e)(2), in that this is the Judicial District in which EPT's Trust is administered, where the
11 relevant acts took place, and where the Defendants reside.

12   5.   To the extent this Complaint sets forth secondary claims arising under state law,
13 this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**INTRODUCTION / PARTIES AND GENERAL ALLEGATIONS**

15   6.   EPT is a trust that was created and exists pursuant to Section 302(c) of the Labor
16 Management Relations Act, 29 U.S.C. § 186(c).

17   7.   EPT exists to provide employee benefits to participants and their legal
18 dependents under a "multiemployer plan," "welfare plan," and/or "employee welfare benefit
19 plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(1) and (37).

20   8.   EPT's ERISA Welfare Plan is administered in Seattle, Washington.

21   9.   EPT's Board of Trustees brings this action to enforce the terms of the EPT
22 Welfare Plan. Each trustee/member of EPT's Board of Trustees is a fiduciary of the Plaintiff
23 Trust as that term is defined in 29 U.S.C. § 1002(21).

24   10.  Under the standard benefit provisions of its ERISA Welfare Plan (Plan
25 Document), EPT provides health coverage to its participants for spontaneous conditions and

COMPLAINT
Case No.

Page 2

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

1  diseases, but does not provide coverage for claims related to conditions, diseases, or injuries for
2  which any other person is alleged to be liable or financially responsible.

3        11.    EPT is not required by ERISA or by any other law or regulation to offer
4  accident-related benefits.

5        12.    However, because EPT's Board of Trustees has deemed it appropriate to do so,
6  EPT offers accident-related benefits on the terms stated in EPT's Plan Document, which
7  contains distinct reimbursement and subrogation provisions under which medical expenses
8  (claims) for which any other person or insurer is or may be liable or financially responsible will
9  be paid by EPT in the form of advanced costs (interest-free loans), on the express condition that
10 the participant or beneficiary for whom the claims are paid must fully reimburse EPT, using the
11 first dollars obtained from the allegedly responsible person(s), including insurers.

12       13.    Flavio Diaz, Jr. ("Diaz") was born in the year 2000. Diaz is not currently a
13 minor, but was a minor when he was injured on January 2, 2016 and at the time EPT paid
14 accident-related benefits for him. Diaz was at all relevant times a Plan Participant or the covered
15 dependent / beneficiary of his father, EPT Participant FLAVIO DIAZ DUENAS. Both Diaz and
16 his father resided in Marysville, Washington at all relevant times.

17       14.    By accepting benefits paid by EPT in the amount of $43,452.31 to his treating
18 physicians, clinics, and hospitals, for the treatment of injuries for which another person was
19 alleged to be financially responsible, Diaz became obligated to reimburse to EPT the value of
20 the benefits so paid, and he assigned to EPT the first dollars of any monetary recovery that he or
21 any representative obtained, related to injuries that he suffered on or about January 2, 2016.

22       15.    Due to medical provider discounts available to the Plaintiff, EPT's payments
23 totaling $43,452.31 satisfied Diaz's accident-related medical bills with an initial face value of
24 $63,318.64, yet Diaz is responsible to reimburse to EPT this lesser sum, $43,452.31.

25

COMPLAINT  
Case No.  

Page 3

CHRISTENSEN JAMES & MARTIN  
AND  
THE URBAN LAW FIRM  
11900 NE 1st St., Suite 300, Building G  
Bellevue, WA 98005  
P. (425) 462-4045 / (425) 646-2394  
wes@cjmlv.com  
*Counsel for Plaintiff*

16. The money used by EPT to pay Diaz's accident-related medical bills for injuries suffered on January 2, 2016 was held in trust by EPT and came from EPT's own assets and not from any insurer. For all purposes relevant to the causes of action stated in this Complaint, EPT is a self-funded multiemployer "employee welfare benefit plan" within the meaning of ERISA [29 U.S.C. § 1002].

17. EPT's Plan Document requires reimbursement payments to EPT only when EPT participants or dependents (or their representatives) receive monetary recoveries related to the injuries or medical conditions for which another person is alleged to be financially responsible.

18. The express written terms of the EPT Welfare Plan (effective January 2013), under which EPT paid $43,452.31 in medical expenses related to injuries suffered by Diaz on or about January 2, 2016, are as follows:

> You may have a claim against another person or party for payment of medical and other charges. If you or your dependent incur medical or other charges:
> • Related to injuries or illness caused by the act or omission of another person or
> • That another person may be liable or legally responsible to pay
> The Trust will advance payment of covered expenses incurred as a result of the accidental injury/condition for which a third party is liable, on the condition that the employee, his/her dependent and your attorney (if applicable) complete and sign this agreement to reimburse the Trust and assign to the Trust any recovery by settlement or judgment up to the amount of the benefits paid by the Trust.
>
> Reimbursement rights means the Plan's right to be reimbursed if:
> • The Plan pays benefits for you or your dependent because of an injury or illness caused by a third party's act or omission; and
> • You, your dependent or any legal representative recovers an amount from the third party, the third party's insurer, an uninsured or underinsured motorist insurer or from any other source or person by reason of the third party's act or omission. This recovery may be the result of a lawsuit, a settlement or some other act. The Plan is entitled to be paid out of any recovery, up to the amount of Plan benefits the Plan pays, regardless of attorney's fees, costs or other charges.
>
> Subrogation rights means the Plan's right to enforce its recovery of any Plan benefits paid for you or your dependent because of an injury or illness caused by a

COMPLAINT
Case No.

Page 4

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

third party's act or omission. The Plan is entitled to be paid out of the gross amount of any recovery, up to the amount of Plan benefits it pays.

If you or your dependent has an injury or illness caused or alleged to be caused by a third party's act or omission:

The Plan will pay benefits for that injury or illness subject to its reimbursement rights and subrogation rights and on condition that you or your dependent (or the legal representative of you or your dependent):

• Will not take any action which would prejudice the Plan's reimbursement rights or subrogation rights

• Complete and sign the Plan's Subrogation Document

• Will cooperate in doing what is reasonably necessary to assist the Plan in enforcing its reimbursement rights or subrogation rights

The Plan's reimbursement or subrogation rights will not be reduced because:

• The recovery does not fully compensate you or your dependent for all losses sustained or alleged

• The recovery is not described as being related to medical costs or loss of income

The Plan may enforce its reimbursement rights or subrogation rights by filing a lien with the third party, the third party's insurer or another insurer, a court having jurisdiction in this matter or any other appropriate party. The Plan also may claim a lien upon funds held by any person, including your attorney or other party who has or who had before disbursement custody of such funds.

The amount of the Plan's reimbursement will not be reduced by legal fees or court costs incurred in seeking the recovery, unless the Trust Office agrees otherwise in writing.

The Plan may elect to charge any reimbursement due under this provision against any further benefit payments for you or your dependent under this Plan. This will not reduce the Plan's right to be paid out of any recovery up to the amount of Plan benefits not yet reimbursed.

When you retain an attorney to assist you in the claim against the third person who caused your injury or illness, the attorney must sign the reimbursement rights and subrogation rights agreement as a condition of payment of benefits.

• Your attorney must also acknowledge in writing that the Plan precludes the operation of the "make whole" and "common funds" doctrines.

• The Plan will not pay your attorney's fees or costs associated with recovery of funds, nor will the Plan reduce its reimbursement pro rata for payment of any attorney's fees and costs. Any attorneys fee's will be payable out of the recovery only after the Plan has received full reimbursement.

COMPLAINT  
Case No.  

Page 5

CHRISTENSEN JAMES & MARTIN  
AND  
THE URBAN LAW FIRM  
11900 NE 1st St., Suite 300, Building G  
Bellevue, WA 98005  
P. (425) 462-4045 / (425) 646-2394  
wes@cjmlv.com  
*Counsel for Plaintiff*

- You and your attorney who receives any recovery, whether by judgment, settlement, compromise or otherwise, has an absolute obligation to immediately tender the recovery or recoveries to the Plan. If any recovery or funds received are not immediately tendered to the Plan, you and your attorney will be deemed to hold the recovery in constructive trust for the Plan.

19. Consistent with these written Plan terms, because EPT paid accident-related benefits for Flavio Diaz, Jr., who accepted the benefits, EPT has a first priority lien upon, and Flavio Diaz, Jr. has effectively assigned to EPT, the first $43,452.31 of any recovery obtained by Diaz or by any representative from third-parties allegedly responsible for the injuries suffered by Diaz on or about January 2, 2016.

20. On November 27, 2017, Defendant DIEGO GAVILANES ("Gavilanes"), acting as attorney for Diaz, sent a facsimile letter informing EPT that Diaz was at fault for the injuries that he suffered on January 2, 2016, that Diaz would not be receiving compensation for the injuries, and asking that EPT send a writing waiving its reimbursement and subrogation rights. EPT never agreed to waive its rights.

21. Contrary to the representations made by Gavilanes, Diaz (either directly or through representatives) recovered $50,000.00 from American Family Insurance in connection with the injuries Diaz suffered on January 2, 2016 injuries.

22. Based on statements made in emails sent in late 2018 by a lien resolution agent engaged by Gavilanes or the Gavilanes Firm, EPT alleges that Diaz separately recovered an additional sum of $10,000 from a personal injury protection (PIP) type insurance policy.

23. EPT has on multiple occasions requested detailed information and copies of documents from Gavilanes and Diaz showing the amount and the nature of any and all monetary recoveries or settlement offers made by others to Diaz related to injuries suffered by Diaz on January 2, 2016. Gavilanes and Diaz, acting directly or through agents or representatives, have failed or refused to comply with EPT's requests for information and have failed or refused to reimburse EPT as required by the EPT Plan Document.

COMPLAINT
Case No.

Page 6

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

24. As described in this Complaint, the actions of Diaz and/or Gavilanes (Gavilanes at all relevant times acted either individually or through his law firm, Defendant LAW OFFICES OF DIEGO GAVILANES, P.S. ("Gavilanes Firm")), have interfered with the reimbursement and subrogation rights afforded to EPT in EPT's Plan Document.

25. EPT is informed and believes that the Defendants named in the caption above are holding monies that EPT claims as EPT's own, namely the first $43,452.31 obtained by Diaz in the form of the monetary recoveries identified in paragraphs 21 and 22, above. Defendants Diaz, Gavilanes, the Gavilanes Firm, and any other person (including the DOES and ROES named in the caption) who hold the proceeds of such monetary recoveries are therefore sued by EPT in this case as stakeholders of the proceeds of the recoveries, which proceeds legally belong to EPT. Among other forms of relief, EPT seeks equitable relief in the form of a constructive trust or equitable lien upon these sums that in good conscience belong to EPT, but which are presently held by said defendants / stakeholders.

**CAUSE OF ACTION 1:  EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)(B)**

[All Defendants]

26. Plaintiff here re-alleges and incorporates by reference the allegations of all previous paragraphs of this Complaint.

27. Under the terms of EPT's Plan Document and under ERISA (29 U.S.C. § 1132(a)(3)(B)) EPT has a right to be repaid an amount equal to the $43,452.31 in medical expenses that EPT paid on behalf of Diaz, to the extent that Diaz recovers or has recovered monies from persons alleged by Diaz to be financially responsible for the injuries he suffered on or about January 2, 2016.

28. One or more of the Defendants are in possession of the first $43,452.31 that Defendant Flavio Diaz, Jr. (or a representative) obtained in the form or monetary recoveries

COMPLAINT
Case No.

Page 7

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

related to injuries that he suffered on or about January 2, 2016. This specific fund of money belongs to no one but EPT.

29.     The Defendant(s) holding this fund of money are unjustly enriched by their refusal to reimburse EPT for the accident-related medical expenses paid under the Plan.

30.     Defendants' violations of the terms of the Plan, and their disregard for EPT's rights under the Plan, have harmed EPT. The Board of Trustees of EPT, as a group of ERISA fiduciaries, therefore seeks all appropriate equitable relief pursuant to ERISA § 502(a)(3) [29 U.S.C. §1132(a)(3)], to enforce the terms of the Plan, including but not limited to:

    a) The imposition of an *in rem* constructive trust or equitable lien in favor of EPT upon the settlement proceeds improperly held by the Defendants, in the amount of $43,452.31, plus any interest accrued since the date on which payment could reasonably have been made by the Defendants to EPT. EPT reserves the right to amend this Complaint to name such additional person(s) who may now or in the future hold the proceeds at issue, or any tangible or intangible asset purchased with said proceeds.

    b) A declaration of EPT's ownership of the above-referenced settlement proceeds in the amount of $43,452.31, for payments made by the Trust on behalf of Diaz.

    c) An order requiring the Defendants, or any person who may hold the monetary recoveries described herein to turn over the proceeds, plus accrued interest, if any, to EPT.

    d) An order confirming that under the terms of the applicable Plan Document, until EPT's reimbursement claim for $43,452.31 is paid in full, EPT is authorized to withhold benefits from any and all Defendants and their dependents who are or may become eligible to receive benefits from EPT.

    e) EPT also seeks to recover its reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g).

COMPLAINT
Case No.

Page 8

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

**CAUSE OF ACTION 2:  BREACH OF CONTRACT**

[Flavio Diaz, Jr.; Flavio Diaz Duena, individually and as guardian of Flavio Diaz, Jr.]

31. EPT here re-alleges and incorporates by reference the allegations of all previous paragraphs of this Complaint.

32. EPT's ERISA Plan Document constitutes a valid and binding contract between EPT and EPT's plan participants and beneficiaries, including Defendants Flavio Diaz Duenas and Flavio Diaz, Jr.  EPT is empowered to enforce the terms of the Plan Document against Flavio Diaz Duena and Flavio Diaz, Jr.

33. Flavio Diaz Duenas and/or Flavio Diaz, Jr., either directly or through intermediaries, engaged representatives who corresponded extensively with EPT. The representatives of these Defendants demanded that EPT deal directly with the representatives, refused to acknowledge that the Defendants had received monetary recoveries, and otherwise withheld relevant information from EPT, despite requests for such information, demonstrating that these defendants failed to "cooperate in doing what is reasonably necessary to assist the Plan in enforcing its reimbursement rights or subrogation rights" and taking "actions that prejudiced" EPT's reimbursement or subrogation rights.

34. Flavio Diaz Duenas and Flavio Diaz, Jr. have further breached the express terms of the Plan Document by failing to promptly notify EPT of receipt of the monetary recoveries, by engaging in conduct intended to interfere with the Trust's right to reimbursement, as described herein, by failing to reimburse EPT from the settlement proceeds of the monetary recoveries that they obtained, by refusing to honor the assignment terms of the Plan under which the first $43,452.31 that they obtained already belong to EPT, and by failing to direct Defendants Gavilanes and the Gavilanes firm to "immediately tender the recovery or recoveries to" EPT.

COMPLAINT
Case No.

Page 9

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

## CAUSE OF ACTION 3: CONVERSION

[All Defendants]

35. EPT here re-alleges and incorporates by reference the allegations of all previous paragraphs of this Complaint.

36. By their actions, all Defendants named herein converted the personal property of EPT by intentionally and wrongfully taking ownership, control or dominion over the settlement proceeds to which EPT is entitled, in derogation of EPT's rights.

37. Said Defendants are liable to EPT in the sum of $43,452.31, plus interest, for converting to their own use money that was assigned to, belongs to, and should rightfully be delivered to EPT.

## CAUSE OF ACTION 4: INJUNCTIVE RELIEF

[All Defendants]

38. EPT here re-alleges and incorporates by reference the allegations of all previous paragraphs of this Complaint.

39. The Defendants' retention of monies that in good conscience belong to EPT constitutes an actual, continuing, and substantial injury to EPT.

40. The Defendants' refusal to provide relevant information relating to the monetary recoveries obtained by one or more of the Defendants constitutes an actual, continuing, and substantial injury to EPT.

41. If all or any portion of the monies that in conscience belong to EPT are dissipated, EPT may be left with no remedy by which to prevent further harm to itself.

42. EPT is therefore entitled to an injunction preventing all Defendants from transferring, spending, concealing, or otherwise dissipating the monies in dispute in this matter.

43. EPT is further entitled to an order compelling the Defendants who possess it, to provide to EPT information relevant to EPT's reimbursement rights, including detailed

COMPLAINT
Case No.
Page 10

Christensen James & Martin
and
The Urban Law Firm
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

information relating to the monetary recovery or recoveries obtained by the Defendants or by their representatives.

44.     EPT is further entitled to an order compelling the Defendants who possess it, to deliver to EPT the first $43,452.31 obtained by the Defendants (or any representatives) in the form of monetary recoveries related to injuries suffered by Flavio Diaz, Jr. on or about January 2, 2016.

### CAUSE OF ACTION 5: DECLARATORY RELIEF
### [All Defendants]

45.     EPT here re-alleges and incorporates by reference the allegations of all previous paragraphs of this Complaint.

46.     EPT seeks a remedy under 28 U.S.C. § 2201 in the form of a binding judicial decree confirming that EPT's right to be repaid the sum of $43,452.31 and EPT's right to possess the first $43,452.31 obtained by Defendant Diaz (or any representative or Diaz) are of a first priority, that EPT's claim must be paid before all other claims, that EPT's claim is superior to all other claims to the proceeds of the recovery(ies), a declaration of the relevant rights and other legal relations existing by and between EPT and all Defendants, and for a declaration confirming that until EPT's claim for $43,452.31 is paid in full, Plaintiff is authorized by the terms of its ERISA Plan Document to withhold further benefits from any and all Defendants and their dependents who are or may become eligible to receive benefits from EPT.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Employee Painters' Trust, acting through its designated fiduciaries, prays for Judgment against Defendants, and each of them, and requests the following relief:

1.     The imposition of an *in rem* constructive trust or equitable lien in favor of EPT in the amount of $43,452.31, plus accrued interest, upon the proceeds of the monetary

COMPLAINT
Case No.
Page 11

Christensen James & Martin
and
The Urban Law Firm
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*

recovery(ies) obtained by the Defendants, which are in the possession of one or more of the Defendants;

2. A judicial declaration of the Plaintiff's ownership of the first $43,452.31 obtained by Defendant Flavio Diaz, Jr. (or any representative), plus accrued interest running from the date on which EPT could reasonably have been paid;

3. An order requiring the Defendants, or any other person proven to be holding the monetary recovery(ies) to turn over to EPT the first $43,452.31 of said monies relating in any way to injuries suffered by Diaz on or about January 2, 2016;

4. An order against the Defendants preventing them from disbursing, disposing, dissipating and/or transferring the settlement proceeds pending final disposition of all claims asserted by the Plaintiff in this case;

5. A decree describing the legal relations existing by and between the Plaintiff and each Defendant;

6. An award of Plaintiff's interest, costs and reasonable attorneys' fees; and

7. Any other relief deemed just and proper by this Court.

DATED this 7th day of January, 2019.

CHRISTENSEN JAMES & MARTIN

By: __/s/ Wesley J. Smith__
Wesley J. Smith, Esq.
WSBA # 51934
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045/(702) 255-1718
F. (425) 462-5638/(702) 255-0871
wes@cjmlv.com
*Counsel for Plaintiff*

COMPLAINT
Case No.
Page 12

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045 / (425) 646-2394
wes@cjmlv.com
*Counsel for Plaintiff*